IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-16-0363** |
| **JOSEPH LAURENCE BONDS,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On May 21, 2021, this Court denied Defendant Joseph Bonds's Emergency Motion for Compassionate Release (ECF No. 953). (*See* ECF No. 1014.) On July 20, Bonds filed a *pro se* Emergency Motion to Reconsider this Court's denial of his earlier Motion for Compassionate Release. (Mot. Reconsider, ECF No. 1024.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Bonds's Motion to Reconsider will be DENIED.

As this Court has previously explained in detail (*see* ECF No. 1014), motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

This Court's earlier decision denying compassionate release was based on a lengthy consideration of whether Bonds's medical conditions established an extraordinary and compelling reason for his compassionate release, and whether the § 3553(a) factors weighed in favor of Bonds's early release. (*See* ECF No. 1014.) In the present Motion to Reconsider, Bonds does not present facts that give the Court cause to alter its prior decision.

1

In his Motion, Bonds correctly notes that this Court concluded he presents extraordinary and compelling reasons for compassionate release as a result of his medical conditions. (Mot. Reconsider at 3; *see also* ECF No. 1014 at 3.) Bonds, however, does not present any new evidence that would alter the Court's thorough analysis of the § 3553(a) factors, as applied to the unique facts of Bonds's case. (*See* ECF No. 1014 at 4–5.) As this Court previously explained, at the time of his conviction, Bonds posed a serious danger to the community through his involvement in a violent gang called the "Black Guerilla Family." (*See* ECF No. 397 at 4.) Bonds's prior criminal activities included possessing controlled substances, unlawfully possessing weapons, and engaging in criminal gang activity. (PSR ¶¶ 28–33, ECF No. 482.) The Court is certainly heartened by Bonds's acknowledgement that he "has matured a lot" and "shown tremendous growth in his ability to positively impact his family and community." (Mot. Reconsider at 4.) The Court, however, is not sufficiently assured that Bonds would not pose a danger to the public if he is released at this time. Accordingly, the § 3553(a) factors still disfavor modifying Bonds's sentence.

The Court again acknowledges Bonds's legitimate concerns about the serious risk that COVID-19 poses to his health, especially in light of his medical conditions. Bonds's Motion to Reconsider, however, does not present new facts or legal arguments that would alter this Court's prior decision to deny his motion for compassionate release. Bonds's Motion to Reconsider this Court's May 21, 2021 decision (ECF No. 1024) is accordingly DENIED.

2

DATED this 22 day of July, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge